UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACEY PIERCE-NUNES,<br><br>        Plaintiff,<br><br>   v.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>        Defendant.<br>_____/ | No. C 14-00796 JST (LB)<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED JUNE 26, 2014**<br><br>[Re: ECF No. 39] |

   The parties previously had a discovery dispute about discovery in aid of Plaintiff's opposition to Toshiba's motion to transfer venue. *See* 6/19/14 Order, ECF No. 38 at 4. The discovery allowed is to illuminate information found in the declaration of Scott Ramirez, Toshiba's Vice President of Marketing and Development for Visual Products. *See id.* That declaration, which was a little over a page, was filed in support of Toshiba's motion to transfer. *Id.* Plaintiff wanted answers to interrogatories first. *See id.* at 5. The fact issues in the declaration and the proposed interrogatories are about who had knowledge of the alleged false advertising about the "LED TV" at issue in the litigation. *Id.* at 4-5. The reason the information is important is that it illuminates where witnesses are, which is an issue relevant to whether there is a nexus to this or other districts. *Id.* at 6.

   Based in part on Toshiba's representations that Toshiba is a small company, and Mr. Ramirez is the person in charge of marketing and the person with knowledge of the genesis of the alleged false

advertising, the court ruled that a half-day deposition of Mr. Ramirez is sufficient to address the issues in the transfer motion, and it denied Plaintiff's request that Toshiba respond to his interrogatories. *Id.* at 7. Now the parties dispute whether the court ordered a fact-witness deposition or a Rule 30(b)(6) deposition. *See* 6/26/14 Joint Letter Brief, ECF No. 39 at 1-2. Plaintiffs served two notices of deposition, one in Mr. Ramirez's capacity as a fact witness and one in his capacity as a Rule 30(b)(6) witness. *See* ECF No. 31-2 and 31-3. The first discovery letter brief, and the hearing on it, did not address the type of deposition and instead focused on whether interrogatories should happen first. *See* 6/3/14 Joint Letter Brief, ECF No. 31.

The court-ordered deposition is intended to address the five topics raised in Mr. Ramirez's declaration and summarized on page 4 of the court's June 19, 2014 order. 6/19/14 Order, ECF No. 38 at 4. The Rule 30(b)(6) topics overlap with these topics but also are broader. *See* ECF No. 31-3.

On this record, the court cannot see why Mr. Ramirez cannot testify as a Rule 30(b)(6) witness on the topics that the court authorized previously. Some of his statements (such as where employees with responsibility for televisions in this litigation) are unequivocal. *See* 6/19/14 Order, ECF No. 38 at 4. Some are qualified (such as his statement that to his knowledge, there are no fact witnesses in the Northern District of California). *See id.* The Rule 30(b)(6) topics that address the contents of the declaration, the location of marketing operations, and the location of witnesses responsible for the alleged false advertising all are fair discovery about the transfer motion. *See* ECF No. 31-3. Toshiba represented that Mr. Ramirez is the person with knowledge, and it seems appropriate that he testify on behalf of the company on the narrow discovery that the court has ordered in aid of the transfer motion. And although the issue was not addressed explicitly in the prior letter brief or at the hearing, the court assumed that the testimony would be in a Rule 30(b)(6) capacity.

If Toshiba really has a problem with this outcome, it can arrange a conference call by calling the undersigned's courtroom deputy. But the narrow scope of discovery and Toshiba's representations about Mr. Ramirez make this a reasonable compromise.

This disposes of ECF No. 39.

1 **IT IS SO ORDERED.**

2 Dated: June 26, 2014

_____
LAUREL BEELER
United States Magistrate Judge