UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STACEY PIERCE-NUNES,

        Plaintiff,

      v.

TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.,

        Defendant.

Case No.  14-cv-00796-JST

**ORDER GRANTING MOTION TO TRANSFER ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA**

Re: ECF No. 23

In this putative class action for claims arising out of the false advertising and unfair competition laws of various states, Defendant Toshiba America Information Systems, Inc. ("TAIS") moves under 28 U.S.C. § 1404(a) to transfer the action to the Southern District of New York ("SDNY") or, alternatively, to the Central District of California ("CDCA").  Plaintiffs Stacy Pierce-Nunes, Aurelio Diaz, and John Moseley (collectively "Plaintiffs") oppose the motion.  For the reasons set forth below, Defendants' motion to transfer the action to the CDCA is GRANTED.

## I.     BACKGROUND

### A.     The Parties and Claims

Plaintiffs bring this action against TAIS for claims arising out of TAIS' purported false advertisement of LCD TVs as "LED TVs."  Am. Compl. ¶ 3, ECF No. 36.  Plaintiffs allege that these misrepresentations led consumers to pay a premium for televisions that were "functionally identical" to televisions that are advertised and sold as "LCD TVs."  Id. ¶¶ 3-5.

The original complaint was filed by Plaintiff Stacey Pierce-Nunez, who is a citizen of New York, on her own behalf and on behalf of the following class:

> All persons who purchased, for personal use and not re-sale, within the State of New York, at any time during the applicable limitations period preceding the filing of this Complaint up through any trial of this matter, a Toshiba-brand LED-lit LCD television sold in a box

United States District Court
Northern District of California

> that describes the television as an LED TV, an LED HDTV or an LED television. Excluded from the Class are Toshiba, and any person or entity related to or affiliated with Toshiba, and any business, person, or entity that purchased such televisions for re-sale (e.g., retailers), any judicial officer assigned to the case, the court staff and jurors, along with their immediate families.

Compl. ¶¶ 7, 60.  She asserted the following claims: (1) a claim under New York General Business Law § 349; and (2) a claim under New York General Business Law § 350.

Pierce-Nunez filed an amended complaint on June 18, 2014, after TAIS had filed the instant motion to transfer.  Am. Compl., ECF No. 36.  The amended complaint named two additional plaintiffs, Aurelio Diaz and John Moseley, who are citizens of Florida and Texas, respectively.  Id. ¶¶ 7-10.  These three named Plaintiffs seek to assert claims on their own behalf and on behalf of a "Nationwide Class," defined as follows:

> All persons who purchased, for personal use and not re-sale, within the United States within the four years (or other applicable statute of limitations period) preceding the filing of this Complaint up through any trial of this matter, a Toshiba-brand LED-lit LCD television that is sold in a box that describes the television as an LED TV or LED HDTV or LED television.

> Excluded from the Nationwide Class are Toshiba, and any person or entity related to or affiliated with Toshiba, and any business, person, or entity that purchased such televisions for re-sale (e.g., retailers), any judicial officer assigned to the case, the court staff and jurors, along with their immediate families.

Id. ¶ 63.  Additionally, in the alternative, Pierce-Nunez seeks to asserts claims on behalf of a "New York Subclass" defined as follows:

> All persons who purchased, for personal use and not re-sale, within the State of New York within the four years (or other applicable statute of limitations period) preceding the filing of this Complaint up through any trial of this matter, a Toshiba-brand LED-lit LCD television sold in a box that describes the television as an LED TV, an LED HDTV or an LED television.

Id. ¶ 64.

Likewise, Diaz and Moseley seek to assert claims on behalf of a "Florida Subclass" and a "Texas Subclass," respectively, as follows:

> All persons who purchased, for personal use and not re-sale, within the State of Florida within the four years (or other applicable statute of limitations period) preceding the filing of this Complaint up through any trial of this matter, a Toshiba-brand LED-lit LCD television that is sold in a box that describes the television as an LED TV or LED HDTV or LED television.

> All persons who purchased, for personal use and not re-sale, within the State of Texas within the four years (or other applicable statute of limitations period) preceding the filing of this Complaint up through any trial of this matter, a Texas-brand LED-lit LCD television that is sold in a box that describes the television as an LED TV or LED HDTV or LED television.

Id. ¶¶ 65-66.

### B.    Relevant Facts

TAIS has been headquartered in Irvine, California, since 1989.  Ramirez Decl. ¶ 2.  The employees at TAIS who have responsibility for the televisions at issue in this litigation work primarily out of TAIS' headquarters in Irvine, though TAIS has some employees in Tennessee  Id. ¶ 3; Commons Decl., Ex. A, Ramirez Dep. at  34:22-35:1, 42:16-24, 44:2-45:3, 107:4-9, 34:22-35:1, 42:16-24.  All documents relevant to the claims in the operative complaint are located in Irvine, California.  Ramirez Decl. ¶ 6.  Older documents pertaining to TAIS' predecessor are stored in a warehouse in New Jersey.  Id.

### C.    Jurisdiction

This court has jurisdiction over this action under 28 U.S.C. § 1332(d).

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  If the action could have been brought in the transferee venue, the court then must determine if the defendant has made a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by considering private factors relating to "the convenience of the parties and witnesses" and public factors relating to "the interest of justice."  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to

prove equally convenient or inconvenient," <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 646 (1964), and transfer should not be granted if the effect is simply to shift the inconvenience to the plaintiff, <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

## III.    DISCUSSION

TAIS moves to transfer this action to either the SDNY or the CDCA.  Because TAIS filed its motion prior to the filing of the amended complaint, the bulk of its motion is dedicated to the argument that the action should be transferred to the SDNY in light of the nature of the claims asserted in the original complaint, which arose exclusively out of New York law, as well as the citizenship of the original putative class members and of the only Plaintiff named in that pleading, which is New York.  Though Plaintiffs amended the complaint to assert claims on behalf of a nationwide class after TAIS moved to transfer venue, TAIS maintains in its reply that the relevant factors continue to support transfer to either CDCA or SDNY, because no relevant documents or witnesses are located in this district.  TAIS contends that the facts supporting transfer are that: (1) TAIS is headquartered and maintains its principal place of business in CDCA, where relevant documents are stored and all current employees with responsibility for advertising and marketing Toshiba LED televisions work; (2) TAIS' predecessor, TACP, is headquartered in New Jersey, where most relevant former employees and some relevant documents are located; (3) none of the named Plaintiffs purchased televisions or saw advertisements in this district; (4) the median time for disposition in CDCA is 35% shorter than in this district and is the same in SDNY as in this district; (5) conflicts of law issues are neutral given the presence of claims under the laws of four states; and (6) Plaintiffs' choice of forum is entitled to minimum deference because none of the named plaintiffs reside in this district.

Plaintiffs oppose the motion, arguing that TAIS has not made the requisite strong showing of inconvenience to warrant transfer.  Plaintiffs admit that this action could have been filed in the SDNY or the CDCA, but they contend that transfer to these districts would be improper in light of the great weight that must be accorded to their chosen forum.  Plaintiffs argue that the private and public factors are "neutral at best" and therefore do not support transfer.

The court addresses these arguments in turn.

4

### A.      Venue is Proper in the SDNY and the CDCA

Transfer under 28 U.S.C § 1404(a) is appropriate only if the action could properly have been brought in the transferee venue.  28 U.S.C. § 1404(a).  Here, no party disputes that this action could have been brought in either the SDNY or the CDCA.  Accordingly, the court now turns to the question of whether the private and public factors weigh in favor of transfer to either of these venues.

### B.      The Private and Public Factors Weigh in Favor of Transfer

#### 1.      Plaintiffs' Choice of Forum

"Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (internal citation omitted).  "In judging the weight to be accorded [to the plaintiff's] choice of forum, consideration must be given to the extent of [the parties'] contacts with the forum, including those relating to [the plaintiff's] cause of action."  Id. (citation omitted).  "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration."  Id. (citation omitted).[1]

Here, Plaintiffs' choice of forum is entitled to minimal deference, because none of the named Plaintiffs or TAIS reside in this district, and none of the contacts or witnesses material to Plaintiffs' claims are located in this district.  The named Plaintiffs reside in Florida, New York, and Texas, and TAIS resides in Irvine, California.  Am. Compl. ¶¶ 7-9, 11; cf. Evancho v. Sanofi-Aventis U.S. Inc., Case No. 07-00098 SI, 2007 WL 1302985, at *2 (N.D. Cal. May 3, 2007) (according "some weight" to plaintiffs' choice of forum because "one of the named plaintiffs resides in this District and another resides elsewhere in California").   And although Plaintiffs seek to certify subclasses in three specific states, none of the states is California.  The only connection the litigation has to this district is that one of Plaintiff's counsel maintains an office here – but that, as another judge of this court recently observed, is "no connection at all."  LightMed Corp. v.

---

[1] Plaintiffs acknowledge that the weight accorded to a plaintiff's choice of forum "decreases" when, like here, the plaintiff asserts claims on behalf of a nationwide class.  Opp'n at 4.

United States District Court
Northern District of California

Ellex Med. Pty. Ltd., 13-CV-03933-WHO, 2013 WL 6512720 at *2 (N.D. Cal. Dec. 12, 2013).

Additionally, TAIS has shown that none of the named Plaintiffs aver to have purchased the televisions at issue, or to have been exposed to TAIS' misleading advertisements about those televisions, in this district.  Am. Compl. ¶¶ 64-66; see, e.g., GLT Technovations, LLC v. Fownes Brothers & Co., Inc., Case No. 12-cv-00466, 2012 WL 1380338, at *4 (N.D. Cal. Apr. 20, 2012) (holding that "plaintiff's chosen venue is substantially reduced where . . . the forum lacks a significant connection to the activities alleged in the complaint") (internal quotation marks omitted); Purcell v. Spokeo, Inc., Case No.10-03978 HRL, 2011 WL 2607163, at *2 (N.D. Cal. July 1, 2011) (holding that the plaintiff's "choice of forum [in this district] is entitled to very little weight" because "plaintiff is an Illinois resident, with no ties to California, pursuing putative class claims against a company headquartered in the Central District of California").

Plaintiffs do not point to any facts showing that the operative facts occurred within this district or that this district has any interest in the parties or claims at issue.

### 2.    Convenience of the Parties and Witnesses

The private factors that courts generally consider in determining motions to transfer include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  Decker, 805 F.2d at 843 (citation and internal quotation marks omitted).  "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and [t]he convenience of witnesses is often the most important factor in resolving a motion to transfer."  Park v. Dole Fresh Vegetables, Inc., 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) (citations and internal quotation marks omitted).

The court begins this analysis by noting that none of the named parties to this suit has *any* meaningful connection to this district.  For this reason, every case that Plaintiffs have cited in support of their opposition to TAIS' motion to transfer is distinguishable, because in those cases, at least one of the named parties resided in the transferor district or conducted activities relevant to the plaintiff's claims in that district.  See, e.g., In re Ferrero Litig., 768 F. Supp. 2d 1074, 1080

1  (S.D. Cal. 2011) ("Both plaintiffs reside in this district and purchased the product at issue in this

2  district."); Sonoda v. Amerisave Mortgage Corp., Case No. 11-1803 EMC, 2011 WL 2653565, at

3  *4 (N.D. Cal. July 6, 2011) ("[O]ne of the plaintiffs—Mr. Sonoda—resides within the Northern

4  District of California.").  Significantly, Plaintiffs have cited no case in which a district court has

5  denied a transfer motion where none of the named parties resided or conducted significant

6  activities in the transferor district.

7          On the other hand, TAIS has shown that both the SDNY and CDCA have meaningful

8  contacts with the parties and claims in this action.  TAIS has identified the following contacts to

9  the SDNY: (1) TAIS' predecessor, Toshiba America Consumer Products ("TACP"), which

10  marketed and distributed Toshiba-branded televisions prior to being merged into TAIS in 2011, is

11  headquartered in New Jersey;[2] (2) former employees responsible for marketing Toshiba-branded

12  LED TVs reside in New Jersey; (3) some documents relating to TACP are located in a facility in

13  New Jersey.  Reply at 1.  TAIS has identified the following contacts to the CDCA: (1) TAIS is

14  headquartered there; (2) the vast majority of TAIS employees responsible or the advertisements at

15  issue are located there; and (3) the documents relevant to Plaintiffs' claims are located there.

16          All of these contacts make the SDNY or the CDCA more convenient venues than this

17  district.  But, because the CDCA appears to have the most contacts, both qualitatively and

18  quantitatively, the court finds that the CDCA would be the more convenient of the two.

19          Every argument that Plaintiffs make in support of the notion that the convenience factors

20  are neutral is unpersuasive.

21          First, Plaintiffs argue that TAIS has not met its burden to show that the CDCA or SDNY

22  would be more convenient because it has not adequately specified the location or role of the

23  relevant witnesses.  The court is not persuaded by this argument.  TAIS has submitted the sworn

24  testimony of Scott Ramirez, who is responsible for the marketing of Toshiba-branded televisions

25

26  _____

[2] Obviously, New Jersey is not in the Southern District of New York.  But the two are immediate

27  neighbors, and at least one court has found that it would be convenient for litigants in the SDNY
to have access to witnesses located in "neighboring" New Jersey.  Gen. Capital Partners LLC v.

28  Liberty Ridge, LLC, 07 CIV. 4089 RJS, 2007 WL 3010028 (S.D.N.Y. Oct. 12, 2007).

in the United States, which indicates that all documents and most TAIS employees with knowledge relevant to the issues presented in this litigation are located in Irvine, California.[3] Ramirez Decl. ¶¶ 2-6.  This evidence is sufficient to show that the CDCA would be more convenient than this district, particularly given that Plaintiffs themselves admit in the operative complaint that the relevant documents and individuals who were responsible for the advertisements giving rise to this action are located in the CDCA.  See Am. Compl. ¶ 11 (alleging that "Toshiba's deceptive marketing and advertising practices described herein originated out of its principal place of business in California," and that "[Toshiba's] documents relating to the issues raised in this Complaint are located in Irvine, California") (citing Ramirez Decl. of 5/5/2014, ¶¶ 3, 6).

Second, Plaintiffs argue that relevant witnesses reside in this district because the members of the nationwide class are dispersed throughout the country, which means that some of them reside in this district.  Relatedly, they also argue that the retailers from which the nationwide class members purchased the televisions at issue are located throughout the country, including in this district.  Again, the court is not persuaded, because Plaintiffs cite no authority showing that the assertion of nationwide class claims can, on its own, be sufficient to defeat a motion to transfer where, like here, none of the named parties to the action has any connection to the transferor district.  As discussed above, every case upon which Plaintiffs rely involves at least one named party that had meaningful contacts to the transferor district.

Third, Plaintiffs argue that the costs of litigating in this district will not be higher than if the action is transferred to the CDCA or SDNY, and that, in any event, costs should not be a consideration for TAIS because its parent company is one of the largest in Japan and has "over $60 Billion in annual net sales."  Opp'n at 8.  This argument must be rejected for two reasons.  First, TAIS has shown that a great number of relevant witnesses reside in the CDCA.  In light of the fact, the notion that transfer to that district would not lead to cost reductions is illogical.  Plaintiffs certainly do not point to any facts to enable the court to compare the costs of litigating in

---

[3] Ramirez also testified that "some" of the employees with relevant knowledge are located in Tennessee.  Ramirez Decl. ¶ 3.

1   this district relative to the CDCA or SDNY.  Second, Plaintiffs point to no authority from this
2   circuit showing that the relative financial condition of the litigants is a permissible consideration
3   in the §1404 analysis.  Opp'n at 8.

4        Finally, Plaintiffs contend that "there are many third-party witnesses in this District" but
5   they do not specify who these witnesses are or explain why the testimony of these witnesses is
6   material.  Opp'n at 14.  Rather, Plaintiffs allude generally to "retailers . . . the advertising
7   companies Defendant used, its retail store 'trainers' and call center employees," and several
8   employees of TAIS' parent company who oversaw TAIS' marketing efforts in the United States
9   reside in Japan.  Opp'n at 14-16 (citing Ramirez Dep. at 45:16-46:11, 64:6-15, 55:6-56).  As to the
10  retailers, Plaintiffs admit in their opposition that the retailers are located throughout the country.
11  That some of these retailers may be located in this district does not weigh in favor of keeping this
12  action here, particularly given that Plaintiffs do not show how many of them actually are located
13  here or establish that they will ultimately be key witnesses.  As to the advertising companies,
14  TAIS has submitted testimony showing that the relevant advertising activities took place in Irvine
15  or on the East Coast, and Plaintiffs have submitted no facts to dispute that.  See Ramirez Dep. at
16  34:22-35:1, 42:2-45:15, 107:4-9, 32:8-15, 34:11-15, 107:10-22-108:9.  As to the trainers and call
17  center employees, the court is not persuaded that these individuals had any significant
18  involvement in the acts that gave rise to this action, as Plaintiffs have not alleged in the complaint
19  that consumers purchased the televisions at issue because of conversations or contacts with
20  trainers or customer service representatives.  Instead, the operative complaint alleges that the
21  misrepresentations at issue were made in printed materials, such as the packaging of the
22  televisions.  See Am. Compl. ¶¶ 41-48.  Lastly, as to the parent-company employees, Plaintiffs do
23  not show that this district would be any more convenient for these Japan-based witnesses than the
24  CDCA.

25       In light of the foregoing, the court finds that transfer to the CDCA would be appropriate.
26  Importantly, Plaintiffs have not shown that they would be inconvenienced by having to litigate in
27  the CDCA instead of in this district, so it is not the case that transfer to the CDCA would
28  improperly shift the inconveniences to Plaintiffs.  See Decker, 805 F.2d at 843 (noting that

United States District Court
Northern District of California

9

1  transfer should not be granted if the effect is simply to shift the inconvenience to the plaintiff).

2  ### 3. Interest of Justice

3  In evaluating the interest of justice, a court may consider "public interest factors such as

4  court congestion, local interest in deciding local controversies, conflicts of laws, and burdening

5  citizens in an unrelated forum with jury duty." Decker, 805 F.2d at 843.

6  The court concludes that these factors weigh in favor of transfer to the CDCA.

7  First, the CDCA has a greater interest in the present controversy because the action

8  involves a business that is headquartered in that district and that employs residents of that district.

9  See Bloom v. Express Servs. Inc., Case No. 11-00009 CRB, 2011 WL 1481402, at *5 (N.D. Cal.

10  Apr. 19, 2011) (holding that "Oklahoma has a more substantial interest" in the controversy than

11  this district because "[a]lthough Defendants conduct business in California, Oklahoma has an

12  interest in deciding controversies involving businesses headquartered there, and that employ a

13  substantial number of its citizens"). In light of this fact, Plaintiffs' contention that "each State and

14  each District has an equal stake in this conflict" must be rejected.

15  Second, the time to disposition in the Central District is significantly shorter, namely 35%

16  shorter, than in this district. See Reply at 6 (citing Federal Judicial Center, U.S. District Courts –

17  Median Time Intervals from Filing to Disposition of Civil Cases Terminated, available at

18  http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2012/appendices/C05Sep12.pdf)).

19  While this fact by itself does not weigh heavily in the Court's analysis, it is yet another factor that

20  supports transfer to the CDCA.

21  Finally, the CDCA will be equally familiar with the California laws upon which the

22  nationwide class claims are predicated, and it will be better situated to adjudicate those claims than

23  the SDNY. [4]

24

25  _____

26  [4] The court notes TAIS' argument that Mazza v. American Honda Motor Co., Inc., 666 F.3d 581

27  (9th Cir. 2012), bars Plaintiffs from asserting nationwide class claims under California law. Reply
   at 6. The Court does not address arguments raised for the first time in reply. Pirozzi v. Apple,
   Inc., 966 F. Supp. 2d 909, 918 (N.D. Cal. 2013).

28

**IV.      CONCLUSION**

Because TAIS has shown that it is headquartered in the CDCA, that the vast majority of relevant documents and material witnesses are located in the CDCA, and because there are no facts in the record showing that this action has any meaningful connection to this district or that Plaintiffs would be inconvenienced by litigating in the CDCA, TAIS' motion to transfer this action to the Central District of California is GRANTED.

**IT IS SO ORDERED.**

Dated: September 14, 2014



JON S. TIGAR
United States District Judge